# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND; AND TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTEN KATHLEEN SCOTT, an individual; ELIJAH GERALD OLMS, an individual; NIKITA KATHLEEN OLMS, an individual; SKYY BELLES, an individual; CHELSEA EDEL KESSNER, an individual; ELIZABETH ANN ZIRNEKLIS, an individual; ARIEL MARIE OLMS, an individual; KARSTEN KEMP, an individual; DANIELLE FLORES, an individual; BUTTE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES a public entity; AND ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, a public entity,<br><br>Defendants. | No. CV 24-5263-DMG (ASx)<br><br>**JUDGMENT AND ORDER** |

Pursuant to the Parties' Stipulation for an Order Discharging Stakeholder, Awarding Fees and Costs, Awarding Benefits, and for Entry of Judgment ("Stipulation") [Doc. # 76], and good cause appearing therefor,

**IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** that:

1. This Judgment and Order ("Order") is intended to comply with 29 U.S.C. section 1056 and applicable California domestic relations law. This Order identifies the name of the participant Decedent, Gerald Karsten Olms ("Decedent"), the name of each alternate payee covered by this Order, the benefit to be paid to or on behalf of each alternate payee, and the number of payments to be made under this Order. The mailing addresses of the alternate payees have been provided under separate cover and are on file with the Court.

2. The alternate payees are Decedent's children who are identified as follows: Elijah Gerald Olms; Nikita Kathleen Olms; Skyy Belles (also known as Christopher Olms); Chelsea Edel Kessner (also known as Chelsea Olms); Elizabeth Ann Zirneklis (also known as Samantha Olms and Samantha Helena Olms); Ariel Marie Olms (also known as Aireal Marie Olms); Karsten Kemp (also known as Karsten Olms); and Danielle Flores (collectively below, "Decedent's Children" or "Alternate Payees").

3. Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund ("DC Trust") and Trustees of the Southern California IBEW-NECA Pension Plan ("DB Trust"), collectively referred to herein as "Plaintiffs" or "Trustees," are each discharged from further participation in this case.

4. Trustees are specifically discharged from any and all liability related to the benefits payable by the DC Trust and the DB Trust due to the death of Decedent, except as specifically indicated below.

5. The DC Trust account balance changes daily based on market performance. The account balance totaled $328,955.11, as of October 16, 2025. However, that sum is reduced by $22,100.54 due to Decedent's defaulted loan. Therefore, the balance available for distribution, estimated to total $306,854.57 as of October 16, 2025 (but that balance changes daily), shall be distributed by the Trustees of the DC Trust as follows:

    a) $28,510.31 shall be deducted from the balance available for distribution and paid to the Trustees for reasonable attorneys' fees and costs incurred in this action, leaving approximately $278,344.26 available for distribution;

        b)      10% of the balance available for distribution [after the deduction is made pursuant to paragraph 5(a) above] (approximately $27,834.43) will be withheld by the DC Plan for federal taxes pursuant to 26 U.S.C. section 3405; and 1% of the balance available for distribution [after the deduction is made pursuant paragraph 5(a) above] (approximately $2,783.44) will be withheld for California state taxes. These sums will not be available for distribution to any of the defendants herein;

        c)      The remainder of the Decedent's DC Trust account balance [after the deductions are made pursuant to paragraphs 5(a) and 5(b)], estimated to total $247,726.39 as of October 16, 2025 (but which account balance shall change on a daily basis due to market performance), will be paid by or on behalf of the Trustees of the DC Trust to the California State Disbursement Unit regarding child support obligations paid on behalf of the Alternate Payees. The California State Disbursement Unit shall be instructed to distribute 2/3 (two-thirds) of the remaining balance to Orange County Department of Child Support Services ("Orange County") and 1/3 (one-third) of the remaining account balance to Butte County Department of Child Support Services ("Butte County"). The distribution by the Trustees of the DC Trust to the California State Disbursement Unit will occur within thirty (30) days after this Judgment and Order are issued.

6.      The benefits payable from the DB Trust due to the death of Decedent are to be distributed by the Trustees of the DB Trust equally to the Alternate Payees. After the Alternate Payees submit the reasonable documentation needed by Trustees of the DB Trust to effectuate the payments, the Alternate Payees will, as soon as administratively feasible, each receive 1/8 (one-eighth) of $891.56 each month, payable over sixty (60) months (or $111.44 to each Alternate Payee per month for 60 months). If any one of the Alternate Payees identified in paragraph 2 above dies before all distributions are made from the DB Trust, that individual's share will be distributed to the other Alternate Payees equally.

7.      The Trustees are hereby ordered to distribute all amounts payable by the DC Trust and the DB Trust due to the death of Decedent, as indicated in paragraphs 5 through 6 above.

8. With the exception of the attorneys' fees and costs referenced in paragraph 5(a) above, the Parties shall bear their own attorneys' fees and costs.

DATED: November 4, 2025

_____
DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE